ELIZABETH BERGLUND, ADMINISTRATRIX AD PROSE-QUENDUM OF THE ESTATE OF RUTH BERGLUND, DE-CEASED, PLAINTIFF-RESPONDENT, v. HENRY HILD AND ARTHUR HILD, DEFENDANTS-APPELLANTS.

Decided November 19, 1926.

Negligence—Death Finally Resulting From an Automobile Accident Caused by the Upsetting of the Car in Which Plaintiff's Decedent, an Invitee, was Riding—Question of Negligence of Driver of Car was One For Jury—Whether His Car was Hit by Another, as Well as Whether Plaintiff's Decedent Died as the Result of Accident or From Other Cause, Also For Jury.

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellants, McDermott, Enright & Carpenter.

For the respondent, Margolies & Manetti (William E. Decker, of counsel).

PER CURIAM.

There was a verdict in favor of the plaintiff below against the defendants below for the sum of $4,975 in the Hudson County Circuit Court, and judgment having been entered on the verdict the defendants appeal from such judgment upon

two grounds—*first,* that the court erred in refusing to grant defendants' motion for nonsuit; *second,* refusal of the court to grant defendants' motion for a direction of a verdict in favor of the defendants. The action was brought under the Death act and resulted in the judgment as above stated.

The refusal of the motion to direct a verdict for the defendants is the only ground of appeal argued in the brief of counsel of appellants, and we gather from the brief that the ground of appeal based upon the refusal of the court to grant a nonsuit is abandoned. It is considered in appellants' brief that Janitschek's testimony, standing alone, might have been sufficient to take the case to the jury. This concession is further emphasized by the grounds advanced by the defendants for a direction of a verdict in their favor, which grounds are set forth in appellants' brief and are made the basis of the appellants' contention, that the court committed legal error in refusing to direct a verdict for the defendants. The grounds urged for such direction, and repeated here, are—*first,* that it now appears conclusively that the cause of the upsetting of appellants' car was the blow that it received on the left rear wheel and fender from another car; *second,* that Ruth Berglund recovered from the injuries she received in the accident, and that her death was not due to the accident, but to chronic endocarditis." It appears that the trial judge, at the time he denied the motion, stated to counsel that it was a jury question and that he may have an exception. The record does not show that an exception was taken to the ruling. But be that as it may, the attempt is made to argue the case as if it were before us on a rule to show cause. The questions argued related to matters of fact which were for the jury's determination.

A brief summary of the facts is, that the deceased was an invitee, riding in the appellants' car; that Henry Hild, one of the appellants, was driving the car; the night was dark; the headlights of the automobile were lit; Janitschek, who was a passenger in the car, says that the car was being driven very fast; that he spoke to Hild not to drive so fast; that the latter paid no heed to the request. Janitschek then

says: "Just before we got to the turn, I should judge about thirty or forty feet before we got to the turn, we were going pretty fast, and Mr. Hild happened to notice the turn and he said, 'Oh, my God! I can't make it,' and he put on his brakes * * *. Well, the car skidded, and when it got to the turn Mr. Hild tried to make the turn, the left turn, and the car was still going at such a speed that it left the road and it went over." The defense was, testimony of Hild, the driver of the car, that when he came to the curve he saw the light of another automobile coming in the opposite direction and he applied his brakes "and edged to the right and sort of got off the road to give the other car room to go by, and as I did so he struck the rear left wheel" and this caused the car to upset. This alleged fact appears from the testimony of other witnesses to have been in dispute.

Whether the plaintiff's decedent died as a result of the injury she received in the accident was also a jury question. The decedent had been a sufferer before the accident from endocarditis, and the physician who attended her was asked: "Would you say that the endocarditis would have been sufficient to produce the physical decline which resulted in death?

"*A*. No. I think Ruth would have been alive to-day if it had not been for the injuries received."

The views herein expressed lead to the conclusion that the judgment should be affirmed, with costs.